IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, § § § *Plaintiff*, § § Civil Action No. SA:14-CV-712-XR v. § § ANTIONETTE GIBSON, § § *Defendant*. § | |

FEDERAL NATIONAL MORTGAGE §
ASSOCIATION, §
　　　　　　　　　　　　　§
　　　　　　　　　　　　　§
　　*Plaintiff*,　　　　　　§
　　　　　　　　　　　　　§　Civil Action No.  SA:14-CV-712-XR
v.　　　　　　　　　　　　§
　　　　　　　　　　　　　§
ANTIONETTE GIBSON,　　　　§
　　　　　　　　　　　　　§
　　*Defendant*.　　　　　　§

**ORDER**

On this day the Court considered Defendant's[1] Notice of Removal (docket no. 1). For the following reasons, the Court REMANDS the action.

**I. Background**

On November 21, 2013, Plaintiff Federal National Mortgage Association (FNMA) sued to evict Defendant Antionette Gibson from real property located at 9819 Sable Green, San Antonio, Texas 78251. FNMA's case was filed with the Justice of the Peace Court of Bexar County, Texas, Precinct 1. On December 17, 2013, the justice of the peace court entered a default judgment against Defendant, awarding possession of the property to FNMA. Defendant then appealed the justice of the peace court judgment to County Court at Law Number 1, of Bexar County, Texas. The remainder of the state court record is unclear.

On August 6, 2014, Defendant removed the action to this Court. Docket no. 1. Defendant asserts that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. The Court considers subject matter jurisdiction *sua sponte*.

---

[1] Despite the styling of the Notice of Removal, defendant Antionette Gibson is the only signatory to the Notice of removal. Therefore, she is the only relevant defendant to this Court.

## II. Legal Standard

A Court may dismiss a case *sua sponte* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Federal courts are "duty-bound to examine the basis subject matter jurisdiction *sua sponte*." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. Discussion

Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction over cases involving disputes between citizens of different states where the amount in controversy exceeds $75,000. A court lacks diversity jurisdiction if the amount of controversy is below the $75,000 jurisdictional threshold.

Defendant asserts in her notice of removal an amount in controversy of $75,000 based on the current fair market value of the property of $144,280[2]. However, Defendant has not established an amount of controversy greater than the $75,000 threshold for diversity

---

[2] Defendant appears to believe that this amount is properly cited as in controversy for this case because of the possible foreclosure of this home. A review of the file indicates Defendant owned the home prior to foreclosure sale. Nevertheless, the only claim that was filed by Plaintiff in the state court was a claim for eviction. This case does not deal with the possible foreclosure.

jurisdiction. *See* 28 U.S.C. § 1332(a). Where, as here, a plaintiff only seeks eviction and has not alleged an amount of damages in its state court petition, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar,* 47 F.3d at 1409. In eviction suits, the amount in controversy is the value of the right to occupy the property at issue. *See Phillips Equity Capital, LLC v. Alvarez,* 3:14-CV-2574-N-BH, 2014 WL 4271634, at *2 (N.D. Tex. Aug. 29, 2014)*; Fed. Nat. Mortg. Ass'n v. Talley,* No. 3:12–CV–1967–N–BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted,* 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing cases). The amount in controversy is not the underlying value of the property. *Am. Homes 4 Rent Properties v. Arami Gates*, 3:14-CV-2575-B, 2014 WL 4271645, at *3 (N.D. Tex. Aug. 27, 2014); *Wells Fargo Bank v. Matts*, No. 3:12–CV–4565–L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (citing cases). Further, market value is not evidence of the right to possess the property for purposes of the amount in controversy. *Arami Gates*, 2014 WL 4271645, at *3.

Here, Defendant only asserts that the fair market value of the property, according to the Bexar County Central Appraisal District, is $144,284. *See* Docket no. 1 at 2. Defendant makes no allegations as to the fair rental value of the property or any other measure for determining the value of the right to possession. Accordingly, Defendant has not met her burden of establishing the requisite amount in controversy for federal diversity jurisdiction, and remand is proper.

### IV. Conclusion

For the foregoing reasons, the Court remands for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to remand the case to state court and to close this case.

It is so ORDERED.

SIGNED this 3rd day of September, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE